USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__09/02/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

GREGORY HAMILTON,

                               Plaintiff,

                 -against-

THE CITY OF NEW YORK,

                            Defendant.
-------------------------------------------------------------------- x

**STIPULATED
CONFIDENTIALITY
AGREEMENT AND
PROTECTIVE ORDER**

19 Civ. 3197 (MKV)

**WHEREAS**, Defendant anticipates that confidential material will be exchanged in discovery in this action; and

**WHEREAS**, Defendant objects to the production of confidential material unless appropriate protection for its confidentiality is assured;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for the parties, as follows:

1.  As used herein, "Confidential Materials" shall mean all documents, testimony and information relating to:

      a.     personnel or former personnel of The New York City Police Department ("NYPD"), the City of New York ("City"), or any of its agencies other than the plaintiff in this action, including, but not limited to personal information such as home addresses, telephone numbers, social security numbers, and personnel files including all information contained therein such as salary, promotions, discipline, medical information, investigations, and evaluations;

      b.     Equal Employment Opportunity related materials, but not limited to, complaints, race self-identification information, Equal Employment Opportunity Office files and the information contained therein;

      c.     proprietary information, trade secrets or other similar confidential information of the NYPD or the City;

      d.     taxpayer identification numbers and social security numbers;

e.     any information of a personal or intimate nature regarding any individuals who are not plaintiffs in this action;

f.     any documents that the parties agree are subject to this stipulation;

g.     any documents that are designated on the face thereof as "Confidential";

h.     any documents that the Court directs to be produced subject to this protective order; and,

i.     any testimony or discovery response which reveals the contents of materials produced subject to this order.

2.   Plaintiff and plaintiff's counsel of record ("Receiving Parties"), shall not use the Confidential Materials for any purpose other than for the preparation or presentation of their case in this action and any appeals arising from a decision in this action.

3.   Receiving Parties shall not disclose the Confidential Materials to any person other than employees of the law office of counsel of record, except under the following conditions:

a.     Disclosure before and during trial may be made only to the Receiving Parties, to an expert who has been retained or specially employed by a Receiving Parties' counsel of record in anticipation of litigation or preparation for this action, to anyone retained by a Receiving Party as a consultant in this matter, to a witness at a deposition, to a court reporter retained in this matter, to the jury, or to the Court.

b.     Before any disclosure is made to a person listed in subparagraph (a) above (other than to the Court, a court reporter retained by the Court, or the jury), the Receiving Parties' counsel of record shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A,

2

not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case.  The signed consent shall be retained by the attorney making such disclosure.  Within ten days of any disclosure, the attorney making such disclosure shall provide Defendants' counsel of record with a copy of the executed consent form annexed hereto as Exhibit A, along with a log of all persons to whom the Confidential Materials was disclosed, identifying also the Confidential Materials disclosed.  The disclosing attorney shall also certify that a good faith basis for the disclosure exists.

4.   A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will mark the designated testimony it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receipt of the final transcript, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.  During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential. Any depositions taken in this action (where either the Confidential Discovery Material or the documents containing the Confidential Discovery Material may be disclosed or used) shall be attended only by the deponent, the deponent's attorney, the parties,

3

the parties' counsel of record, and any other members of their firm and/or office (including any contractors, experts or individuals engaged by counsel in connection with performing services in this litigation), the court reporter and/or videographer. All persons attending any deposition(s) in this case shall be subject to this Order.

5. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

6. The Clerk of the Court is directed to maintain under seal any information containing confidential Materials submitted for filing under seal.

7. These restrictions may be altered or supplemented only by written stipulation between the parties filed with and approved by the Court or by order of the Court.

8. Each individual who receives Confidential Materials hereby agrees to subject himself to the jurisdiction of this court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this protective order.

9. Within 30 days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived there from, shall be returned to Defendants' attorneys or, upon their consent, destroyed, and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to Defendants' attorneys.

4

10. Nothing in this Stipulation and Protective Order shall be construed to limit Defendants' use of the Confidential Materials produced by Defendants in any manner.

11. Nothing contained in this Stipulation and Protective Order will be construed as: (a) a waiver by any party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence. This Order also does not bar the Parties from redacting from any documents produced in discovery the personal identifying information of potential, current or former employees of the NYPD or the City, including, but not limited to, home addresses, social security numbers, dates of birth and telephone numbers of those employees and any family members.  Upon the receipt of any documents with redacted information, the non-Producing Party reserves the right to object to any redactions and the Parties shall meet and confer within five (5) business days of the objection to discuss whether the redacted information shall be disclosed. If the Parties cannot resolve the dispute, the objecting Party may file a discovery dispute in accordance with the applicable Court rules.

12. The provisions of this Stipulation and Protective Order shall, absent further order of the Court, continue to be binding throughout and after the conclusion of this case and any appeals.

13. This Court retains jurisdiction over all matters arising under this protective order.

Dated:      New York, New York
            August 5, 2020

| | |
|---|---|
| **THE LAW OFFICE OF JOHN A. SCOLA PLLC**<br>Attorney for Plaintiff<br>30 Broad Street<br>New York, New York 10004 | **JAMES E. JOHNSON**<br>Corporation Counsel of the<br>City of New York<br>Attorney for Defendants<br>100 Church Street, Room 2-117 |

New York, New York  10007-2601
(212) 356-1180

By: _____
　　　　　John Scola
　　　Attorney for Plaintiff

By: _____

Christopher
Coyne

Digitally signed by Christopher Coyne
DN: cn=Christopher Coyne, o, ou=NYC
LAW, email=ccoyne@law.nyc.gov,
c=US
Date: 2020.08.25 16:22:28 -04'00'

　　　　Christopher Coyne
　　Assistant Corporation Counsel

**SO ORDERED:**

Dated: __09/02/2020__
　　　New York, NY

_____
MARY KAY VYSKOCIL
United States District Judge

6